## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.  <u>CACE15020163</u>   DIVISION  <u>25</u>   JUDGE  <u>Carol-lisa Phillips</u>

**Antonio Balestena**

Plaintiff(s) / Petitioner(s)

v.

**Michael Saavedra, et al**

Defendant(s) / Respondent(s)

_____/

## FINAL JUDGMENT

This action was tried before the Court from December 9, 2019 through December 12, 2019. The Plaintiff presented testimonial evidence through ten witnesses; including Antonio Balestena, Jr., Mario Saavedra, Grisell Hernandez, Michael Saavedra, Ashley Simms, Joe Orriols, Sandra Navarro-Garcia, Esq. (Defendant, Grisell Hernandez's bankruptcy attorney) Greta Reynolds (the Court Appointed Accountant), Lorenzo De Toro (Plaintiff's computer forensic expert) and Nathaniel McKenzie (Plaintiff's valuation and damages expert). The Defendants did not file a fact witness list, did not file an expert witness list, did not file an exhibit list and did not file or raise any Affirmative Defenses in this matter or at trial. Based upon the prior Summary Judgment Orders of this Court, the evidence presented at trial and the argument and case law presented herein the Court finds the following:

### Procedural History

This case was initiated by Plaintiff, Antonio Balestena, Jr. on November 19, 2015 against Defendants, Michael Saavedra, Mario Jose Saavedra, Grisell Hernandez and Florida Powder Coating Solutions, Corp. d/b/a Bullseye Powder Coating (hereinafter referred to as "Bullseye Powder Coating") concerning a shareholder dispute involving Bullseye Powder Coating. It is undisputed that Plaintiff, Antonio Balestena, Jr. Defendants, Michael Saavedra, Mario Jose Saavedra and Grisell Hernandez each own a twenty-five percent interest in Bullseye Powder Coating.

The Plaintiff has filed equitable claims for judicial dissolution of Bullseye Powder Coating (Count I) pursuant to Fla. Stat. §607.1433 and Equitable Accounting (Count II) and legal claims

for Breach of Fiduciary Duty (Count III), Unlawful Distributions (Count IV), Fraudulent Transfer (Count V), Civil Conspiracy (Count VI), Civil Rico (Count VII) and Breach of Joint Venture Agreement (Count VIII) against Defendants. The Defendants did not file any Affirmative Defenses to Plaintiff's claims. On February 23, 2016, the Court granted summary judgment in favor of Plaintiff as to Count I. On March 14, 2016, the Court ordered an Accounting of Bullseye Powder Coating. On July 21, 2016, the Court also granted summary judgment in favor of Plaintiff and against Bullseye Powder Coating in the amount of $102,165.00. On June 11, 2019, the Court also entered an Agreed Order granting partial summary judgment in favor of Plaintiff  against Defendant, Grisell Hernandez as to Count V (Fraudulent Transfer) as to liability only and determined that the assets that were fraudulently transferred from Bullseye Powder Coating to Grisell Hernandez and/or Bullseye Coating and Blasting, Corp. during the pendency of this lawsuit shall be considered Bullseye Powder Coating's assets[2].  *See also* Agreed Order Granting Partial Summary Judgment in Favor of Plaintiff and against Defendant, Grisell Hernandez dated June 11, 2019, paragraph 9.

I. **Claims against Florida Powder Coating Solutions, Corp. d/b/a Bullseye Powder Coating**

-

Plaintiff alleged claims against Bullseye Powder Coating for Judicial Dissolution (Count I), Fraudulent Transfer (Count V) and Civil Conspiracy (Count VI). On July 21, 2016, the Court entered an Order granting summary judgment in favor of Plaintiff and against Bullseye Powder Coating in the amount of $102,165.00 as to Counts V (Fraudulent Transfer) and Count VI (Civil Conspiracy).  The Court hereby incorporates its Order Granting Partial Summary Judgment in favor of Plaintiff and against Defendant, Bullseye Powder Coating as if specifically set forth into this Final Judgment. Plaintiff introduced evidence at trial in the form of a Final Judgment[3] against Defendant, Grisell Hernandez in the case styled: *Antonio Balestena Sr. v. Grisell Hernandez*, et. al; 17th Judicial Circuit, Broward County, Florida, Case No. CACE 1520347 ("Balestena Sr. case") where the Honorable Barbara McCarthy made a finding of fact that that the assets of Bullseye Powder Coating were fraudulently transferred to Bullseye Coating and Blasting, Corp. and that Bullseye Coating and Blasting, Corp. is the mere continuation of Bullseye Powder Coating. **T**he Court finds that Plaintiff has presented clear and convincing evidence during the trial that the assets of Bullseye Powder Coating were fraudulently transferred to Bullseye Coating and Blasting, Corp. and that Bullseye Coating and Blasting,

Corp. is the mere continuation of Bullseye Powder Coating.

**Based on the evidence presented at trial and the prior Orders of this Court, the Court hereby enters Final Judgment in favor of Plaintiff, Antonio Balestena, Jr. and against Defendant, Florida Powder Coating Solutions, Corp. d/b/a Bullseye Powder Coating and Bullseye Coating and Blasting, Corp. in the amount of $102,165.00 plus statutory interest in the amount of four and seventy-eighths percent (4.78%)[4] per year from July 21, 2016 until paid for let garnishment and execution shall issue.** The Court will next address Count I (Judicial Dissolution) against Bullseye Powder Coating and the individual Defendants further below.

II. **Count I (Judicial Dissolution of Florida Powder Coating Solutions, Corp. d/b/a Bullseye Powder Coating).**

-

As grounds for Judicial Dissolution of Bullseye Powder Coating, Plaintiff alleged that Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez were misplacing and wasting Bullseye Powder Coating's assets and were acting in a manner that was/is illegal and fraudulent pursuant to pursuant to Fla.  Stat. § 607.1430(3) and Fla. Stat. § 607.1430(4).  *See* Amended Complaint, ¶¶ 34-39. Plaintiff moved for Partial Summary Judgment as to Count I for Judicial Dissolution of Bullseye Powder Coating on January 25, 2016. Defendants did not oppose Plaintiff's Motion for Partial Summary Judgment and Defendants did not file any affirmative defenses to Count I for Judicial Dissolution.

On February 23, 2016, this Honorable Court granted Plaintiff's Motion for Partial Summary Judgment for Judicial Dissolution of Bullseye Powder Coating. The Order states that the effective date of the Judicial Dissolution is April 1, 2016. *See* Order granting partial summary judgment dated February 23, 2016, paragraph 3.  The Court hereby incorporates its Order dated February 23, 2016 as if specifically set forth in this Final Judgment.

a. **Violation of Fla. Stat. § 607.1405(1)**

**and the Court's Agreed Injunction Order dated April 18, 2016**

-

Following the Judicial Dissolution of a corporation, Fla. Stat. § 607.1405(1) sets forth the manner in which a corporation carries on any business after dissolution.

Specifically, Fla. Stat. § 607.1405(1) states, in pertinent part, as follows with respect to the

effect of dissolution:

1. **A corporation that has dissolved continues its corporate existence, but the dissolved corporation may not carry on any business except that appropriate to wind up and liquidate its business and affairs**, including: (a) Collecting its assets; (b) Disposing of its properties that will not be distributed in kind to its shareholders; (c) Discharging or making provision for discharging its liabilities; (d) Making distributions of its remaining assets among its shareholders according to their interests; and (e) Doing every other act necessary to wind up and liquidate its business and affairs. (emphasis added).

(Emphasis Added).

Additionally, on April 18, 2016, this Honorable Court entered an Agreed Order granting Plaintiff's Verified Emergency Motion for Temporary Injunction prohibiting the use, selling, encumbering, conveying, disposition and/or transfer of Bullseye Powder Coating's assets to maintain the status quo until the Court conducted a Final Hearing to wind down the corporation and distribute the remaining assets to the shareholders. *See* Agreed Order dated April 18, 2016.

During the trial, Plaintiff presented unrebutted testimony that Bullseye Powder Coating was incorporated by Plaintiff and Defendant, Mario Saavedra on August 22, 2012. *See* Plaintiff's Exhibit "1" (Articles of Incorporation for Bullseye Powder Coating). The undisputed evidence at trial established that Bullseye Powder Coating's customers wrote checks that were made payable to "Bullseye Powder Coating" or "Bullseye". *See* Plaintiff's Composite Exhibits "87", Plaintiff's Composite Exhibit "88". The undisputed testimony at trial established that Plaintiff and Defendant, Mario Saavedra were the initially the only two shareholders in Bullseye Powder Coating each owning a fifty percent interest in the company. On August 4, 2014, Defendants, Grisell Hernandez and Michael Saavedra also became shareholders in Bullseye Powder Coating making Plaintiff and the three individual defendants each owning a twenty-five percent interest in the company. The testimony at trial established that Bullseye Powder Coating maintained its offices at 2848 Stirling Road, Unit A, Hollywood, Florida until January 1, 2015. The undisputed evidence at trial also established that Defendant, Grisell Hernandez incorporated another company with a similar name called Bullseye Powder Coat, Inc. on December 26, 2013. Bullseye Powder Coat, Inc. also maintained its business offices at the same location as Bullseye Powder Coating according to the Division of Corporation's records.

*See* Plaintiff's Exhibits 6 (Articles of Incorporation for Bullseye Powder Coat, Inc.).

Defendant, Grisell Hernandez testified that Bullseye Powder Coat, Inc. was not operational, but Plaintiff presented evidence that Defendant, Grisell Hernandez had commingled the assets of Bullseye Powder Coat, Inc. with Bullseye Powder Coating's assets because she deposited checks made payable to Bullseye Powder Coat, Inc. in Bullseye Powder Coating's business bank accounts. *See* Plaintiff's Composite Exhibit 88 (Bates stamped Defendant 3731, Defendant 4006, Defendant 4176) and Plaintiff's Composite Exhibit 87 (bates stamped WF001850, WF002526).

The testimony at trial showed that Bullseye Powder Coating moved its business offices to 2301 SW 57th Terrace, West Park, Florida on January 1, 2015. *See* Trial Transcript dated December 9, 2019 (95:17-22). Plaintiff also presented testimony that Defendant, Grisell Hernandez incorporated another company called Bullseye Coating and Blasting, Corp. on December 2, 2015. *See* Plaintiff's Exhibits 19. Defendant, Grisell Hernandez testified that she was the owner of Bullseye Coating and Blasting, Corp. *See* Trial Transcript dated December 10, 2019 (235:21-4). Plaintiff also presented evidence that Defendant, Grisell Hernandez opened bank business bank accounts for Bullseye Coating and Blasting, Corp. on December 2, 2015 and February 9, 2016 during the pendency of this matter. *See* Plaintiff's Exhibits 24, 25, 26 and 27. Plaintiff also presented evidence through a series of checks that showed that Bullseye Coating and Blasting, Corp. had the same business address and business phone number as Bullseye Powder Coating. *See* Plaintiff's Composite Exhibit "71" (Bates Stamped WF/Balestena 000001, Bates Stamped WF/Balestena 000003, Bates Stamped WF/Balestena 000004, Bates Stamped WF/Balestena 000064, Bates Stamped WF/Balestena 000125, Bates Stamped WF/Balestena 000149 and Bates Stamped WF/Balestena 000149).

Plaintiff also presented evidence that Bullseye Powder Coating did business as "Bullseye Powder Coating" and that Bullseye Powder Coating's customers would write checks made payable to "Bullseye Powder Coating" or "Bullseye". *See* e.g. Plaintiff's Composite Exhibits "87" (Bates Stamped WF001404-1411, 1413, 1416-1418, 1420-1422, 1424-1426, 1428-1430, 1432-1433, 1436-1438, 1441-1443, 1446, 1450, 1459, 1462, 1467-1468, 1471-1472, 1475, 1477, 1522, 1525, 1529, 1557, 1621-1622, 1646-1647, 1682-1683, 1729, 1755, 1802-1803, 1806-1808, 1827, 1851, 1864-1865, 1894-1995, 2528, 2531-2532, 2567, 2592-2593, 2641-2643, 2676, 2717, 2720, 2755-2756, 2846-2848, 2957-2958, 2996, 2999, 3054-3056, 3114-3115, 3166, 3169, 3172-3173, 3176-3177, 3221, 3222, 3241-3242 and 3278-3280 by way of example).

Plaintiff presented evidence that Defendant, Grisell Hernandez would selectively deposit some

checks made payable to "Bullseye Powder Coating" and "Bullseye" into Bullseye Powder Coating's business bank accounts and sometimes deposit checks made payable to "Bullseye Powder Coating" and "Bullseye" into Bullseye Coating and Blasting, Corp.'s business bank accounts while both companies were operating at the same location of 2301 SW 57th Terrace, West Park, Florida. *See* Plaintiff's Composite Exhibits "87" *See* e.g. Plaintiff's Composite Exhibits "87" (Bates Stamped WF003114-3115, 3166, 3169, 3172-3173, 3176-3177, 3221, 3222, 3241-3242 and 3278-3280 by way of example); *see also e.g.* Plaintiff's Composite Exhibit "71" (Bates stamped WF/Balestena 001499-1501, WF/Balestena 1504, WF/Balestena 1506, WF/Balestena 1507, WF/Balestena 1510-1511, WF/Balestena 1516-1517, WF/Balestena 1522-1523, WF/Balestena 1525, WF/Balestena 1527, WF/Balestena 1535, WF/Balestena 1537, WF/Balestena 1539-154, WF/Balestena 1546, 1551, WF/Balestena 1555-1557, WF/Balestena 1559-1561, WF/Balestena 1567, WF/Balestena 1569-1570, WF/Balestena 1572-1574, WF/Balestena 1576-1577 and WF/Balestena 1579-1582 by way of example). Plaintiff's expert witness, Nathaniel McKenzie testified that it was a typical fraudulent scheme to deposit checks made payable to the original corporation into a shell company just to "milk" money out of the original corporation. *See* Trial Transcript dated December 12, 2019 (34:7-21).

Plaintiff also presented evidence that Defendant, Michael Saavedra owned and incorporated Fl Electrostatic Paint Corp. on April 10, 2017, which also operated at the business address of 2301 SW 57th Terrace, West Park, Florida. *See* Plaintiff's Exhibit 75. Defendant, Michael Saavedra admitted that Fl Electrostatic Paint Corp. did not have any bank accounts. *See* Trial Transcript dated December 11, 2019 (93:2-4). Mr. Saavedra further testified that sometimes he kept the money that was generated for Fl Electrostatic Paint Corp and sometimes he "put it through Bullseye Coating and Blasting, Corp." *See* Trial Transcript dated December 11, 2019 (93:2-18). Based on Mr. Saavedra's testimony, the Court finds that Defendant, Michael Saavedra commingled the revenue generated from Fl Electrostatic Paint Corp. with the revenue generated by Bullseye Coating and Blasting, Corp.

The Court also finds that Plaintiff presented competent evidence at trial that Defendants violated Fla. Stat. § 607.1405(1) and the Court's Agreed Injunction Order dated April 18, 2016 because the Defendants continued to carry on the business operations of Bullseye Powder Coating, which Defendants merged into Bullseye Coating and Blasting, Corp. after the Court effective date of the dissolution (April 1, 2016)[5] and after the Court entered its Agreed Injunction Order dated April 18, 2016 prohibiting the continued use, sell, transfer or encumbrance of Bullseye Powder Coating's assets.

b. <u>**Spoliation of Evidence Impeding the Determination of the Fair Value of Bullseye Powder Coating's Shares.**</u>

The Fourth District Court of Appeals has made clear that the aggrieved party is entitled to an adverse presumption instruction where the court found that the "the spoliator was duty-bound to preserve the evidence." *See Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006). Additionally, even in the absence of a duty to preserve evidence, the aggrieved party is entitled to <u>an adverse inference as to his or her damages. *See Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006).</u>

During the Trial, Plaintiff presented unrebutted evidence that Bullseye Powder Coating had two corporate computers (an HP Compaq and HP Pavilion) that contained Bullseye Powder Coating's electronic business records that included Quick book files, invoices, emails back and forth with customers and everything related to the business. *See* Trial Transcript dated December 9, 2019 (124: 13-15, 23-25; 125: 3-10). On May 25, 2016, the Court ordered that Plaintiff take the deposition of Defendant, Grisell Hernandez at the business offices of Bullseye Powder Coating in order to examine the business records during the deposition. *See* Court's Order dated May 25, 2016. Therefore, the Court finds that Defendants had a duty to preserve the business records of Bullseye Powder Coating. Plaintiff also presented unrebutted testimony during the trial that Defendants refused to produce said computers during the Court Ordered deposition of Defendant, Grisell Hernandez on April 13, 2016. Plaintiff also presented unrebutted testimonial evidence that Plaintiff did not come into possession of said computers until June 6, 2016. *See* Trial Transcript dated December 9, 2019 (131:2-23).

During the trial, Plaintiff testified that after he received Bullseye Powder Coating's two computers (HP Compaq and HP Pavilion) he provided them to Lorenzo De Toro for examination. *Id.* During the trial Plaintiff called Lorenzo De Toro to testify as a forensic computer expert and to explain what he discovered on Bullseye Powder Coating's computers after he received them from Plaintiff. The Court accepted Mr. De Toro as an expert to testify as an expert computer forensics. *See* Trial Transcript dated December 9, 2019 (192: 10-14).

Plaintiff presented competent evidence through the expert testimony of Lorenzo De Toro (Plaintiff's computer forensic expert) where he explained that computer software was used to wipe clean the electronic data on Bullseye Powder Coating's HP Compaq. *See* e.g. Trial Transcript dated December 9, 2019 (196:7-25; 197:1-25; 198:1-25; 199:1-15). Mr. De Toro further testified that the computer was last shut down was April 5, 2016, which was eight days before the deposition of Defendant, Grisell Hernandez, which occurred on April 13, 2016. *See*

Trial Transcript dated December 9, 2019 (199:16-25; 200: 1-25). A portion of Ms. Hernandez's videotaped deposition (taken on April 13, 2016) was played during the trial where Ms. Hernandez and her attorney at the time refused to produce discovery from the corporation's computers in violation of this Court's Order dated March 10, 2016. *See* Trial Transcript dated December 11, 2019 (26:1-25; 27:1-25; 28:1-25).

Mr. De Toro also testified that the wiping clean of the computer records could not be considered an accident because you need special software to do it. *See* Trial Transcript dated December 9, 2019 (199:7-15). Mr. De Toro also explained that he examined Bullseye Powder Coating's HP Pavilion computer and his investigation found that a computer application called "eraser" was installed on the computer prior to April 5, 2016. *See* Trial Transcript dated December 9, 2019 (202:5-25; 203:1-15). Mr. De Toro explained that the "eraser" program that was used on the computer to wipe files from the computer. *Id.* Defendants did not proffer any expert testimony or documentary evidence to rebut the testimony of Mr. De Toro. Based on the evidence presented at trial, the Court finds Mr. De Toro's testimony as credible and finds that the Plaintiff has proven by clear and convincing evidence that the data contained on Bullseye Powder Coating's two computers (HP Compaq and HP Pavilion) were willfully wiped from the computers. The Court also finds that Plaintiff has proved by clear and convincing evidence that the Defendants were in possession of the computers at the time the data on the computers were wiped from the computers and the Court concludes that the Defendants collectively breached their duty to preserve the records on Bullseye Powder Coating's computer and are responsible for the willful removal of the data from said computers.

Therefore, the Court concludes that Plaintiff is entitled to an adverse inference with respect to his or damages. *See Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006).

### c. Valuation of Bullseye Powder Coating's Shares.

On March 14, 2016, the Court appointed Greta Reynolds as the Court Appointed Accountant to perform an accounting of Bullseye Powder Coating. *See* Order dated March 14, 2016. During the Trial, Ms. Reynolds testified that she had to reconstruct the balance sheet for Bullseye Powder Coating/Bullseye Coating and Blasting, Corp. due to the fact that Defendants' were uncooperative and did not provide all of the financial data requested. *See Trial Transcript dated December 12, 2019 (8:8-20).* Ms. Reynolds also testified that Plaintiff cooperated with her in providing information requested she requested to perform her duties. *See* Trial Transcript dated December 12, 2019 (7:16-19). The Court Appointed Accountant testified that she valued Bullseye Powder Coating/Bullseye Coating and Blasting, Corp.'s shares at

approximately 1.1 million. *See* Trial Transcript dated December 12, 2019 (8:21-24).

Plaintiff also hired Nathaniel McKenzie as an expert witness to determine the fair value of Bullseye Powder Coating/Bullseye Coating and Blasting, Corp. corporate assets. During the trial, the Court accepted Nathaniel McKenzie as an expert witness to testify regarding forensic accounting, fraud examination, and business valuation. *See* Trial Transcript dated December 12, 2019 (23:18-24). Mr. McKenzie testified that he reviewed the bank records, invoices, tax returns for Bullseye Powder Coating and Bullseye Coating and Blasting, Corp. that were provided by Defendants to Plaintiff in discovery as well as the litigation files, deposition transcripts and the Court Appointed Accountants' Report. *See* Trial Transcript dated December 12, 2019 (25:1-25; 26:20-25; 27:1-25; 28:1-5). Mr. McKenzie also testified that he conducted his own independent research on the background of the company and the powder coating industry. *See* Trial Transcript dated December 12, 2019 (27:1-25; 28:1-5).

Mr. McKenzie testified that based upon the information he was provided and the independent research he conducted, he valued Bullseye Powder Coating/Bullseye Coating and Blasting, Corp.'s shares at $1,164,116. *See* Trial Transcript dated December 12, 2019 (40:4-16). In reaching his conclusion of the fair valuation of the company, Mr. McKenzie testified that he used the Discount Rate Method[6], Multiple Valuations Method[7] and Rule of Thumb Method [8]and used a twenty percent weighted average between the three methods to come up with his valuation for the company. *See* Trial Transcript dated December 12, 2019 (40:11-16). In reaching his conclusion, Mr. McKenzie also testified that he took into consideration the growth of the company from 2013 through 2017 and used a conservative growth rate of 3% for the company as opposed to a 7.5% growth rate, which was the average growth rate for a powder coating company in Broward County. *See* Trial Transcript dated December 12, 2019 (40:17-25; 41:1-18).

Defendants did not rebut the testimony proffered by Plaintiff's expert and did not call an expert witness to contradict or impeach the expert testimony of Mr. McKenzie. The Court finds Mr. McKenzie's expert testimony credible and competent expert testimony to establish the fair valuation for Bullseye Powder Coating/Bullseye Coating and Blasting, Corp. *See Lally Orange Buick Pontiac GMC, Inc. v. Sandhu,* 207 So.3d 981, 985 (Fla. 5th DCA 2016)("the court's conclusion as to fair value must be "supported by competent, substantial evidence and properly conformed to the requirements for determining fair value.")(citations omitted).

Based on the trial testimony presented, the Court finds that both Ms. Reynolds and Mr. McKenzie were impeded in their ability to provide a fair valuation for Bullseye Powder Coating/Bullseye Coating and Blasting, Corp. due to the spoliation of evidence described

above. Therefore, the Court finds that Plaintiff is entitled to an adverse inference with respect to the fair value of his shares. *See Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006).

As stated above, this Court has already determined that Bullseye Coating and Blasting, Corp. is the mere continuation of Bullseye Powder Coating and as such the value of both companies will be taken into account in establishing the fair value of Bullseye Powder Coating.

Based on the evidence presented at trial, this Court values the shares of Bullseye Powder Coating/Bullseye Coating and Blasting, Corp. at $1,164,116 based upon the conclusion of value reached by Plaintiff's expert witness Nathaniel McKenzie and as he testified to at trial. Consequently, the Court finds that Plaintiff, Antonio Balestena, Jr. is a twenty-five percent owner and shareholder of Bullseye Powder Coating and determines that his shares are valued at $291,029.00, which is one-fourth of the total fair value of Bullseye Powder Coating/Bullseye Coating and Blasting, Corp.

Due to the commingling of assets of various companies involving Bullseye Powder Coating, Bullseye Coating and Blasting, Corp, Bullseye Powder Coat, Inc. and FI Electrostatic Painting, Corp. the Court finds that it is more appropriate for the Defendants to purchase Plaintiff's shares in lieu of dissolution. *See Acoustic Innovations, Inc. v. Schafer*, 976 So.2d 1139, 1146 (Fla. 4th DCA 2008)( "section 607.1434(4) authorizes the court to "[u]pon proof of good cause, make any order or grant any equitable relief other than dissolution or liquidation as in its discretion it may deem appropriate.").

Therefore, the Court finds and determines that Plaintiff, Antonio Balestena Jr.'s ownership interest in Bullseye Powder Coating shall be purchased by Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez at the price of $291,029.00. **Therefore, as to Count I, the Court enters Final Judgment in favor of Plaintiff, Antonio Balestena, Jr. and against Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez in the amount of $291,029.00 representing the value of Plaintiff's shares. The Final Judgment amount of $291,029.00 shall bear interest at 6.83% per annum and Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez shall be jointly and severally liable for the Final Judgment for let garnishment and execution shall issue.**

### III. **Count II (Equitable Accounting)**

On March 14, 2016, this Honorable Court Ordered an accounting of Bullseye Powder Coating and appointed Reynolds & Granada, LLC as the accounting firm to perform an accounting of Bullseye Powder Coating's assets and liabilities. Therefore, the Court has already determined that Plaintiff, Antonio Balestena, Jr. has a right to an Accounting. The Court ordered that each shareholder pay twenty-five (25%) of the Court appointed accountant's fee for her services. The Defendants did not Answer the Amended Complaint and did not file any affirmative defenses to this Count.

Based on the evidence presented at trial, the Court has determined that the Defendants willfully impeded Ms. Reynolds' ability to conduct an accounting of Bullseye Powder Coating as discussed above. Therefore, the Court orders that Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez reimburse Plaintiff for the costs he paid Ms. Reynolds for her services as the Court Appointed Accountant. Plaintiff may file a motion within thirty (30) days from the dates of this Final Judgment identifying the costs paid to Ms. Reynolds. The Court reserves jurisdiction to award Plaintiff his reasonable attorneys' fees and costs expended for this matter.

### IV. **Count III (Breach of Fiduciary Duty).**

In Count III of the Amended Complaint, Plaintiff asserted a claim against Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez for Breach of their Fiduciary Duty to Plaintiff as a shareholder of Bullseye Powder Coating.

"The elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach." *Crusselle v. Mong,* 59 So.3d 1178, 1181 (Fla. 5th DCA 2011) (citations omitted). Moreover, "the directors of a private corporation are considered by equity to be in a fiduciary relationship with the corporation and its shareholders…" *See Fox v. Professional Wrecker Operators of Florida, Inc.*, 801 So.2d 175, 180 (Fla. 5th DCA 2001)(citations omitted); *See also Tillis v. United Stated Paris, Inc.*, 395 So.2d 618 (Fla. 5th DCA 1981) (Corporate Directors owe a fiduciary obligation to the corporation and to the stockholders and must act in good faith and the best interests of the corporation). The Defendants did not file any affirmative defenses to this Count in Amended Complaint.

    a. Fiduciary Relationship Existed between Plaintiff and the Individual Defendants.

During the trial, Plaintiff presented clear and convincing evidence that Plaintiff, Antonio Balestena, Jr., Michael Saavedra, Mario Saavedra and Grisell Hernandez became twenty-five percent shareholders and were appointed to the Board of Directors for Bullseye Powder Coating on August 4, 2014. *See* Plaintiff's Exhibit "8" (Transfer of Stock Ownership and Establishment of Board of Directors). This testimony was unrebutted at trial. Therefore, the Court finds that a fiduciary relationship existed between Plaintiff, Antonio Balestena, Jr. and Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez.

b.      Defendants Breached their Fiduciary Obligation to Plaintiff.

Plaintiff presented clear and convincing evidence at trial that Defendants breached their fiduciary obligations to Plaintiff by 1) commingling the assets of Bullseye Powder Coating with other companies; 2) unlawfully removing Plaintiff as President of Bullseye Powder Coating; 3) Unlawfully removing Plaintiff as a signer on Bullseye Powder Coating's business bank accounts; 4) Denying Plaintiff access to Bullseye Powder Coating's equipment and electronic data; and 5) Defendants' conspiracy to create a fraudulent loan between Defendant, Grisell Hernandez and Bullseye Powder Coating for the purpose of transferring Bullseye Powder Coating's assets to Defendant, Grisell Hernandez and/or Bullseye Coating and Blasting, Corp. Specifically, the Court's findings are based upon the following evidence that was presented during the trial:

1. Defendants commingled the assets of Bullseye Powder Coating with other companies.

During the trial, Plaintiff presented unrebutted testimony that Bullseye Powder Coating was incorporated by Plaintiff and Defendant, Mario Saavedra on August 22, 2012. *See* Plaintiff's Exhibit "1" (Articles of Incorporation for Bullseye Powder Coating). The undisputed evidence at trial established that Bullseye Powder Coating's customers wrote checks that were made payable to "Bullseye Powder Coating" or "Bullseye". *See* Plaintiff's Composite Exhibits "87", Plaintiff's Composite Exhibit "88". The undisputed testimony at trial established that Plaintiff and Defendant, Mario Saavedra were the initially the only two shareholders in Bullseye Powder Coating each owning a fifty percent interest in the company. On August 4, 2014, Defendants, Grisell Hernandez and Michael Saavedra also became shareholders in Bullseye Powder Coating making Plaintiff and the three individual defendants each owning a twenty-five percent interest in the company. *See* Plaintiff's Exhibit "8" (Transfer of Stock Ownership and Establishment of Board of Directors). The testimony at trial established that Bullseye Powder

Coating maintained its offices at 2848 Stirling Road, Unit A, Hollywood, Florida until January 1, 2015. The undisputed evidence at trial also established that Defendant, Grisell Hernandez incorporated another company with a similar name called Bullseye Powder Coat, Inc. on December 26, 2013. Bullseye Powder Coat, Inc. also maintained its business offices at the same location as Bullseye Powder Coating according to the Division of Corporation's records. *See* Plaintiff's Exhibits 6 (Articles of Incorporation for Bullseye Powder Coat, Inc.).

Defendant, Grisell Hernandez testified that Bullseye Powder Coat, Inc. was not operational, but Plaintiff presented evidence that Defendant, Grisell Hernandez had commingled the assets of Bullseye Powder Coat, Inc. with Bullseye Powder Coating's assets because she deposited checks made payable to Bullseye Powder Coat, Inc. in Bullseye Powder Coating's business bank accounts. *See* Plaintiff's Composite Exhibit 88 (Bates stamped Defendant 3731, Defendant 4006, Defendant 4176) and Plaintiff's Composite Exhibit 87 (bates stamped WF001850, WF002526).

The testimony at trial showed that Bullseye Powder Coating moved its business offices to 2301 SW 57th Terrace, West Park, Florida on January 1, 2015. *See* Trial Transcript dated December 9, 2019 (95:17-22). Plaintiff also presented testimony that Defendant, Grisell Hernandez incorporated another company called Bullseye Coating and Blasting, Corp. on December 2, 2015. *See* Plaintiff's Exhibits 19. Defendant, Grisell Hernandez testified that she was the owner of Bullseye Coating and Blasting, Corp. *See* Trial Transcript dated December 10, 2019 (235:21-4). Plaintiff also presented evidence that Defendant, Grisell Hernandez opened bank business bank accounts for Bullseye Coating and Blasting, Corp. on December 2, 2015 and February 9, 2016 during the pendency of this matter. *See* Plaintiff's Exhibits 24, 25, 26 and 27. Plaintiff also presented evidence through a series of checks that showed that Bullseye Coating and Blasting, Corp. had the same business address and business phone number as Bullseye Powder Coating. *See* Plaintiff's Composite Exhibit "71" (Bates Stamped WF/Balestena 000001, Bates Stamped WF/Balestena 000003, Bates Stamped WF/Balestena 000004, Bates Stamped WF/Balestena 000064, Bates Stamped WF/Balestena 000125, Bates Stamped WF/Balestena 000149 and Bates Stamped WF/Balestena 000149).

Plaintiff also presented evidence that Bullseye Powder Coating did business as "Bullseye Powder Coating" and that Bullseye Powder Coating's customers would write checks made payable to "Bullseye Powder Coating" or "Bullseye". *See* e.g. Plaintiff's Composite Exhibits "87" (Bates Stamped WF001404-1411, 1413, 1416-1418, 1420-1422, 1424-1426, 1428-1430, 1432-1433, 1436-1438, 1441-1443, 1446, 1450, 1459, 1462, 1467-1468, 1471-1472, 1475, 1477, 1522, 1525, 1529, 1557, 1621-1622, 1646-1647, 1682-1683, 1729, 1755, 1802-1803,

1806-1808, 1827, 1851, 1864-1865, 1894-1995, 2528, 2531-2532, 2567, 2592-2593, 2641-2643, 2676, 2717, 2720, 2755-2756, 2846-2848, 2957-2958, 2996, 2999, 3054-3056, 3114-3115, 3166, 3169, 3172-3173, 3176-3177, 3221, 3222, 3241-3242 and 3278-3280 by way of example).

Plaintiff presented evidence that Defendant, Grisell Hernandez would selectively deposit some checks made payable to "Bullseye Powder Coating" and "Bullseye" into Bullseye Powder Coating's business bank accounts and sometimes deposit checks made payable to "Bullseye Powder Coating" and "Bullseye" into Bullseye Coating and Blasting, Corp.'s business bank accounts while both companies were operating at the same location of 2301 SW 57th Terrace, West Park, Florida. *See* Plaintiff's Composite Exhibits "87" *See* e.g. Plaintiff's Composite Exhibits "87" (Bates Stamped WF003114-3115, 3166, 3169, 3172-3173, 3176-3177, 3221, 3222, 3241-3242 and 3278-3280 by way of example); *see also e.g.* Plaintiff's Composite Exhibit "71" (Bates stamped WF/Balestena 001499-1501, WF/Balestena 1504, WF/Balestena 1506, WF/Balestena 1507, WF/Balestena 1510-1511, WF/Balestena 1516-1517, WF/Balestena 1522-1523, WF/Balestena 1525, WF/Balestena 1527, WF/Balestena 1535, WF/Balestena 1537, WF/Balestena 1539-154, WF/Balestena 1546, 1551, WF/Balestena 1555-1557, WF/Balestena 1559-1561, WF/Balestena 1567, WF/Balestena 1569-1570, WF/Balestena 1572-1574, WF/Balestena 1576-1577 and WF/Balestena 1579-1582 by way of example). Further, Plaintiff's expert witness, Nathaniel McKenzie testified that this was a typical fraudulent scheme to "milk" money from the original corporation. *See* Trial Transcript dated December 12, 2019 (34:7-21).

Plaintiff also presented evidence that Defendant, Michael Saavedra owned and incorporated FI Electrostatic Paint Corp. on April 10, 2017, which also operated at the business address of 2301 SW 57th Terrace, West Park, Florida. *See* Plaintiff's Exhibit 75. Defendant, Michael Saavedra admitted that FI Electrostatic Paint Corp. did not have any bank accounts. *See* Trial Transcript dated December 11, 2019 (93:2-4). Mr. Saavedra further testified that sometimes he kept the money that was generated for FI Electrostatic Paint Corp and sometimes he "put it through Bullseye Coating and Blasting, Corp." *See* Trial Transcript dated December 11, 2019 (93:2-18). Based on Mr. Saavedra's testimony, the Court finds that Defendant, Michael Saavedra commingled the revenue generated from FI Electrostatic Paint Corp. with the revenue generated by Bullseye Coating and Blasting, Corp.

The Defendants did not produce any documentary evidence that the directors of Bullseye Powder Coating had consented to and/or voted on having additional companies operate at

Bullseye Powder Coating's business location. The Court finds that Plaintiff presented clear and convincing evidence that Defendants, Grisell Hernandez and Michael Saavedra breached their fiduciary obligations as directors of Bullseye Powder Coating to Plaintiff as a shareholder of Bullseye Powder Coating by commingling revenue and assets amongst various businesses operating at the same location as Bullseye Powder Coating.

2. Unlawful Removal of Plaintiff as President of Bullseye Powder Coating

Plaintiff also presented testimony at trial that Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez held a meeting on October 27, 2015 without written notice to Plaintiff and voted to remove Plaintiff as President of Bullseye Powder Coating. *See* Trial Transcript dated December 9, 2019 (115:13-24). Defendants admitted in their testimony that the meeting occurred, however the defendants did not produce any documentary evidence that written notice was provided to Plaintiff prior to conducting said meeting. *See* Trial Transcript dated December 11, 2019 (152:21-25). Based on the evidence presented at trial, the Court finds that Defendants conducted the meeting on October 27, 2015 in violation of Fla. Stat. § 607.0705 and consequently a violation of their fiduciary obligations to Plaintiff as a shareholder of Bullseye Powder Coating.

Plaintiff also presented testimony that Defendant, Mario Saavedra removed Plaintiff, Antonio Balestena, Jr. as President of Bullseye Powder Coating with the Florida Department of State Division of Corporations without a valid corporate meeting as discussed above. *See* Plaintiff's Exhibit "12"; *see also* Trial Transcript dated December 9, 2019 (115:13-24). Fla. Stat. § 817.155 makes it unlawful to provide false information to the Florida Department of State. Therefore, based upon the evidence provided at trial and the trial testimony of Defendant Mario Saavedra himself indicating that he took this action,  the Court also finds that Defendant, Mario Saavedra breached his fiduciary obligation to Plaintiff by unlawfully removing him as President by filing fraudulent documents with the Florida Department of State, Division of Corporations.

3. Unlawful Removal of Plaintiff as a signer on Bullseye Powder Coating's business bank accounts.

Plaintiff also presented evidence that Bullseye Powder Coating maintained its business bank

accounts at Wells Fargo Bank, N.A. ("Wells Fargo"). *See* Plaintiff's Composite Exhibit "86" (Bates Stamped WellsFargo00053-WellsFargo00064); *see also* Trial Transcript dated December 9, 2019 (75:25; 76:1-6); Trial Transcript dated December 10, 2019 (78:15-16); Trial Transcript dated December 10, 2019 (228:3-6). Plaintiff presented evidence that Plaintiff, Antonio Balestena, Jr. and Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez were signers on Bullseye Powder Coating's business bank accounts at Wells Fargo. *See* Trial Transcript dated December 10, 2019 (78:23-5; 79:1); Trial Transcript dated December 10, 2019 (228:7-10). During the trial Defendants, Mario Saavedra and Grisell Hernandez admitted that they removed Plaintiff, Antonio Balestena, Jr. as a signer on Bullseye Powder Coating's business bank accounts at Wells Fargo. *See Trial Transcript dated December 10, 2019 (79:2-5)*; Trial Transcript dated December 10, 2019 (228:11-14). The evidence at trial further shows that on November 5, 2015, Defendant, Mario Saavedra provided false information to Wells Fargo that Plaintiff was no longer an owner of Bullseye Powder Coating. *See* Plaintiff's Composite Exhibit "86" (Bates Stamped WellsFargo00018, WellsFargo00019).  Defendant, Mario Saavedra also admitted that the information he provided Wells Fargo on November 5, 2015 was incorrect. *See* Trial Transcript dated December 10, 2019 (81:4-16; 82:7-11).  Defendant, Grisell Hernandez testified that she,  Michael Saavedra and Mario Saavedra came up with the idea to remove Plaintiff from the company's business bank accounts. *See* Trial Transcript dated December 10, 2019 (228:15-18). Therefore, the Court also finds that Defendants, Grisell Hernandez, Mario Saavedra and Michael Saavedra breached their fiduciary obligation to Plaintiff by providing false information to Wells Fargo about Plaintiff's ownership interest, which ultimately resulted in the removal of Plaintiff as a signer on Bullseye Powder Coating's business bank accounts.

4. Defendants conspiracy to create a fraudulent loan to transfer the assets of Bullseye Powder Coating to Defendant, Grisell Hernandez and Bullseye Coating and Blasting, Corp.

Plaintiff also presented evidence during the trial that on December 23, 2015, a Promissory Note was executed by Michael Saavedra on behalf of Florida Powder Coating Solutions, Inc. promising to repay Grisell Hernandez the total amount of $38,0000.00. *See* Plaintiff's Exhibit "29". Plaintiff further presented evidence that on December 23, 2015, the Security Agreement (the "Security Agreement") was executed by Defendant, Grisell Hernandez in her individual

capacity and executed by Michael Saavedra in a corporate capacity. *Id.* Plaintiff presented evidence that on January 10, 2016, Defendant, Grisell Hernandez wrote a letter addressed to Florida Powder Coating Solutions, Inc. advising that the company was late on its first loan payment to her.  *See* Plaintiff's Exhibit "28". Further, the evidence at trial showed that on January 12, 2016, Defendant, Grisell Hernandez filed a fraudulent financing statement with the Florida Secured Transactions Registry, which attached the Promissory Note between Florida Powder Coating Solutions, Inc. and Grisell Hernandez. *See* Plaintiff's Exhibit "29". The evidence at trial also showed that on February 1, 2016, Defendant, Grisell Hernandez drafted a Notice of Intent to Repossess addressed to Florida Powder Coating Solutions, Inc. *See Plaintiff's Exhibit "31".* The evidence also showed that on February 2, 2016, Defendants, Michael Saavedra and Mario Saavedra drafted a letter on behalf of Florida Powder Coating Solutions, Inc. addressed to Defendant, Grisell Hernandez advising that Florida Powder Coating Solutions, Inc. is voluntarily forfeiting Bullseye Powder Coating's equipment placed on collateral. *See* Plaintiff's Exhibit "33". The evidence showed that the equipment was voluntarily forfeited to Ms. Hernandez and has been used by Bullseye Coating and Blasting, Corp. to operate its business at 2301 SW 57th Terrace, West Park, Florida. *See* Trial Transcript dated December 11, 2019 (24:14-20; 160:4-9).

Plaintiff introduced evidence at trial in the form of a Final Judgment against Defendant, Grisell Hernandez in the case styled: *Antonio Balestena Sr. v. Grisell Hernandez*, et. al; 17th Judicial Circuit, Broward County, Florida, Case No. CACE 1520347 ("Balestena Sr. case") where the Honorable Barbara McCarthy made a finding of fact that the purported loan from Defendant, Grisell Hernandez to Bullseye Powder Coating was never funded.  *See* Plaintiff's Exhibit "70", paragraph (3)(h). Judge McCarthy also made a finding that the loan was fraudulent and voided the Financing Statement filed by Ms. Hernandez in the Florida Secured Transactions Registry.  *See* Plaintiff's Exhibit "70", paragraphs 4-5. Additionally, this Court entered an Agreed Order granting summary judgment dated June 11, 2019 in favor of Plaintiff and against Defendant, Grisell Hernandez based on issues previously decided in the Balestena Sr. case, which included findings of fact that that purported loan from Defendant, Grisell Hernandez to Bullseye Powder Coating was never funded, the loan was fraudulent and that the Financing Statement filed by Ms. Hernandez in the Florida Secured Transactions Registry had been voided. *See* Order granting Plaintiff's Motion for Partial Summary Judgment dated June 11, 2019. Based on the evidence presented at trial and the prior Orders of this Court and the Court in the Balestena Sr. Case, the Court finds that Defendants, Grisell Hernandez, Michael Saavedra

and Mario Saavedra breached their fiduciary obligations as directors of Bullseye Powder Coating to Plaintiff as a shareholder of Bullseye Powder Coating by conspiring to create a fraudulent loan to transfer the assets of Bullseye Powder Coating to Grisell Hernandez and/or Bullseye Coating and Blasting Corp during the pendency of this litigation.

  c. <u>Plaintiff suffered damages flowing from Defendants' Breaches of their Fiduciary Obligations.</u>

During the trial, the Court accepted Nathaniel McKenzie to testify regarding forensic accounting, fraud examination and business valuation issues in this case. *See* Trial Transcript dated December 12, 2019 (23:18-24). Mr. McKenzie testified that he reviewed the bank records, invoices, tax returns for Bullseye Powder Coating and Bullseye Coating and Blasting, Corp. that were provided by Defendants to Plaintiff in discovery as well as the litigation files, deposition transcripts and the Court Appointed Accountants' Report. *See* Trial Transcript dated December 12, 2019 (25:1-25; 26:20-25; 27:1-25; 28:1-5). During Mr. McKenzie's testimony he testified that Plaintiff had suffered damages in the amount of $175,883.00 through 2017. *See* Trial Transcript dated December 12, 2019 (43:2-20). In reaching his conclusion on Plaintiff's damages, Mr. McKenzie testified that he first calculated the amount of money that the Defendants were taking out of the company as personal expenses (distributions) and put those numbers back into the company. *See* Trial Transcript dated December 12, 2019 (42:7-22). Mr. McKenzie then explained that Plaintiff was entitled to a twenty-five percent credit after you take into account what the Defendants took out of the company as personal distributions. *Id*.
Defendants did not rebut the testimony proffered by Plaintiff's expert and did not call an expert witness to contradict or impeach the expert testimony of Mr. McKenzie. The Court finds that Mr. McKenzie's testimony was credible with respect to his analysis on how he determined Plaintiff's damages and that the documentary evidence provided by the Plaintiff during the trial also supported his findings. Therefore, based on the testimony presented at trial, along with the documentary evidence presented, the Court finds that Plaintiff has presented competent evidence that he has suffered damages flowing from the breaches of Defendants' fiduciary obligations. Since the damages for Counts III, IV, V, VI and VIII are the same, the Court will enter one Final Judgment as to those Counts.

V. <u>**Count IV (Unlawful Distributions)**</u>

In Count IV of the Amended Complaint Plaintiff asserted claims against the individual

Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra for Unlawful Distributions pursuant to Fla. Stat. § 607.06401 (3). The Defendants did not file any affirmative defenses to this Count IV for Unlawful Distributions.

Fla. Stat. § 607.06401 (3) states, in pertinent part, as follows with respect to distributions to shareholders:

> (3) No distribution may be made if, after giving it effect: (a) The corporation would not be able to pay its debts as they become due in the usual course of the corporation's activities and affairs; or (b) The corporation's total assets would be less than the sum of its total liabilities plus (unless the articles of incorporation permit otherwise) the amount that would be needed, if the corporation were to be dissolved and wound up at the time of the distribution, to satisfy the preferential rights upon dissolution and winding up of shareholders whose preferential rights are superior to those receiving the distribution.

As stated above, Plaintiff presented evidence that Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra conspired to cause the assets of Bullseye Powder Coating to be transferred to Grisell Hernandez and/or Bullseye Coating and Blasting Corp. on February 2, 2016. *See* Plaintiff's Exhibit 33. Plaintiff also presented evidence in the form a Final Judgment in the case styled: *Antonio Balestena Sr. v. Grisell Hernandez*, et. al; 17th Judicial Circuit, Broward County, Florida, Case No. CACE 1520347 ("Balestena Sr. case") where the Honorable Barbara McCarthy made findings of fact that Bullseye Powder Coating was insolvent at the time of the transfer and that the fraudulent transfer caused Bullseye Powder Coating to become insolvent. *See* Plaintiff's Exhibit "70", paragraph 3(f). Defendant, Grisell Hernandez did not appeal the Final Judgment in the Balestena Sr. case and satisfied the Final Judgment. *See* Plaintiff's Exhibit 69 introduced into evidence at trial.

Further, Plaintiff's expert witness Nathaniel McKenzie testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid personal expenses in the amount of $276,089.00 for Defendant, Grisell Hernandez's personal expenses from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (55:8-15). Plaintiff's expert witness Nathaniel McKenzie also testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid personal expenses in the amount of $37,633.00[9] for Defendant, Michael

Saavedra's from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (55:16-18). Plaintiff's expert witness Nathaniel McKenzie also testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid personal expenses in the amount of $40,125.00 for Defendant, Mario Saavedra's from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (55:19-20). In total, Mr. McKenzie testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid distributions to Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra in the amount of $353,847.00. *See* Trial Transcript dated December 12, 2019 (55:21-25). Mr. McKenzie's testimony was unrebutted at trial.

Plaintiff also introduced evidence of bank statements showing that Bullseye Coating and Blasting, Corp. paid for the Defendants' personal expenses that were not related to the business such as groceries, daycare, car payments, personal transfers, car insurance, fast food, liquor, perfume, makeup and lingerie to name a few. *See e.g.* Plaintiff's Composite Exhibit "89" (Bates Stamped Confidential0057, Confidential0076, Confidential0077, Confidential0078, Confidential0083, Confidential0084, Confidential0091, Confidential0106, Confidential0176, Confidential0209); Plaintiff's Exhibit "90" (Bates Stamped Bullseye Confidential0018, BullseyeConfidential0028,BullseyeConfidential0038,BullseyeConfidential0057,BullseyeConfidential0247, BullseyeConfidential0261, BullseyeConfidential0274 BullseyeConfidential0279, BullseyeConfidential0328, BullseyeConfidential0397). The personal expenses identified on the bank statements introduced at trial were above and beyond what Plaintiff testified the shareholders verbally agreed to which was the payments for their personal cell phone bill, personal rent, electricity bill and internet bill. *See Trial Transcript dated December 9, 2019 (93: 13-19).* Again, Defendants did not provide any credible evidence to rebut Plaintiff's testimony at trial. *Plaintiff also testified that he did not receive any payments, distributions or payments for his personal expenses from Bullseye Powder Coating or Bullseye Coating and Blasting, Corp. since November 2, 2015 when he was denied access to Bullseye Powder Coating's business facility. See* Trial Transcript dated December 9, 2019 (155:24-25; 156:1-14). Plaintiff's testimony was unrebutted at trial.

Based upon the evidence presented at trial, the Court finds that Plaintiff has presented clear and convincing evidence that the personal expenses paid by Bullseye Powder Coating/Bullseye Coating and Blasting on behalf of o Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra were unlawful distributions as shareholders of Bullseye Powder

Coating in violation of Fla. Stat. § 607.06401(3) because the distributions were made at a time when Bullseye Powder Coating was insolvent or became insolvent as a result of the improper distributions.

## VI. **Count V (Fraudulent Transfer)**

In Count V of the Amended Complaint Plaintiff asserted claims against individual Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra for Fraudulent Transfer pursuant to Fla. Stat. § 726.105. Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra did not assert any affirmative defenses to Count V for Fraudulent Transfer.

As stated above, on June 11, 2019, this Honorable Court entered an Agreed[10] Order granting Plaintiff's Motion for Partial Summary Judgment as to Count V (Fraudulent Transfers) against Defendant, Grisell Hernandez as to liability. This Court incorporates its June 11, 2019 Agreed Order granting Summary Judgment in favor of Plaintiff and against Defendant, Grisell Hernandez as if specifically set forth herein. Therefore, the only remaining issues at trial were Plaintiff's damages[11] against Defendant, Grisell Hernandez for Fraudulent transfer and the claim against Defendants, Michael Saavedra and Mario Saavedra for Fraudulent transfer.

Florida Courts have held that "[b]ecause of the difficulty of proving actual intent, past statutory law, existing case law and the UFTA look to indicia of intent commonly known as 'badges of fraud.'" [1] *See Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145, 152 (Fla. 4DCA 1994); *see also* Fla. § 726.105(2).  (a)The transfer or obligation was to an insider. (b) The debtor retained possession or control of the property transferred after the transfer. (c) The transfer or obligation was disclosed or concealed. (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit. (e) The transfer was of substantially all the debtor's assets. (f) The debtor absconded. (g) The debtor removed or concealed assets. (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred. (j) The transfer occurred shortly before or shortly after a substantial debt was incurred. (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

As stated above, Plaintiff presented unrebutted evidence that Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra conspired to cause the assets of Bullseye Powder

Coating to be transferred to Bullseye Coating and Blasting Corp. on February 2, 2016. *See* Plaintiff's Exhibit "33". With respect to the badges of fraud set forth in Fla. § 726.105(2) the Court makes the following findings of fact concerning the Defendants based on the evidence presented at trial:

      a.    <u>Defendant, Grisell Hernandez was an Insider.</u>

Plaintiff presented evidence at trial that Grisell Hernandez was an insider at the time of the purported fraudulent loan from Grisell Hernandez to Bullseye Powder Coating for $38,000.00 because it was undisputed that Grisell Hernandez was a shareholder of both Bullseye Powder Coating and Bullseye Coating and Blasting, Corp. at the time of the transfer or obligation on December 23, 2015. The Court also finds that Defendant, Michael Saavedra help facilitate the purported fraudulent loan from Ms. Hernandez to Bullseye Powder Coating because the evidence presented at trial demonstrated that Michael Saavedra executed the Security Agreement and Promissory Note. *See* Plaintiff's Exhibit "29".

      b.    <u>Defendant, Grisell Hernandez and Bullseye Coating and Blasting, Corp. retained possession of property transferred.</u>

Plaintiff presented unrebutted evidence at trial that Defendants, Michael Saavedra and Mario Saavedra voluntarily forfeited the assets of Bullseye Powder Coating to Grisell Hernandez on February 2, 2016. *See* Plaintiff's Exhibit "33". Ms. Hernandez further testified that Bullseye Powder Coating's equipment remained at Bullseye Powder Coating's business location of 2301 SW 57th Terrace, West Park, Florida after Defendants, Michael Saavedra and Mario Saavedra voluntarily forfeited the assets of Bullseye Powder Coating. *See* Trial Transcript dated December 11, 2019 (24:14-20; 160:4-9). Therefore, based on the evidence presented at trial the Court finds that the debtor (in this case Grisell Hernandez as a twenty-five percent owner of Bullseye Powder Coating) remained in possession of the assets after the transfer because the equipment remained at Bullseye Powder Coating's business facility and continued to be utilized by Ms. Hernandez through her company Bullseye Coating and Blasting, Corp. that was solely owned by her.

      c.    <u>The Fraudulent Loan was concealed from Plaintiff.</u>

Plaintiff presented unrebutted evidence at trial which showed that Plaintiff was not carbon

copied on any of the correspondence between Grisell Hernandez and Bullseye Powder Coating regarding the defaulting of the loan and the forfeiture of Bullseye Powder Coating's equipment. *See* Plaintiff's Exhibit 28, 31 and 33. Therefore, the Court finds that the purported loan between Grisell Hernandez and Bullseye Powder Coating was concealed from Plaintiff.

d. Plaintiff sued Defendants prior to the execution of the fraudulent loan and transfer of assets to Grisell Hernandez.

Plaintiff presented unrebutted evidence at trial that Bullseye Powder Coating and Grisell Hernandez had been sued by Plaintiff on November 16, 2015 prior to the execution of the loan between Grisell Hernandez and Bullseye Powder Coating on December 23, 2015 and voluntary forfeiture of Bullseye Powder Coating's assets by Defendants, Michael Saavedra and Mario Saavedra to Defendant, Grisell Hernandez on February 2, 2016. *See* Plaintiff's Exhibit "33".

e. The fraudulent transfer was for substantially all of Bullseye Powder Coating's assets.

Plaintiff presented unrebutted evidence at trial that the voluntary forfeiture of Bullseye Powder Coating's assets by Defendants, Michael Saavedra and Mario Saavedra to Defendant, Grisell Hernandez on February 2, 2016 was for substantially all of Bullseye Powder Coating's assets. *See* Plaintiff's Exhibit "33". Ms. Hernandez further testified that Bullseye Powder Coating's equipment remained at Bullseye Powder Coating's business location of 2301 SW 57th Terrace, West Park, Florida after Defendants, Michael Saavedra and Mario Saavedra voluntarily forfeited the assets of Bullseye Powder Coating. *See* Trial Transcript dated December 11, 2019 (24:14-20; 160:4-9).

f. Bullseye Powder Coating was insolvent or became insolvent shortly after the transfer or obligation.

Plaintiff presented unrebutted evidence at trial that Bullseye Powder Coating was insolvent or became insolvent shortly after the transfer or obligation was incurred on December 23, 2015. *See* Plaintiff's Exhibit "70", paragraph 3(f); Defendants also did not present any documentary evidence showing that Bullseye Powder Coating was solvent at the time that the  Promissory Note and Security interest was executed.

g.    Defendant, Grisell Hernandez did not fund the purported loan to Bullseye Powder
Coatin

Plaintiff presented unrebutted evidence at trial that Defendant, Grisell Hernandez did not fund the purported loan to Bullseye Powder Coating for $38,000.00 at the time that the promissory note was executed on December 23, 2015. *See* Plaintiff's Exhibit "70", paragraph 3(h). Defendants did not present any documentary evidence showing that Grisell Hernandez funded the purported $38,000.00 loan.

Based upon the evidence presented at trial, the prior Orders of this Court and in the case styled: *Antonio Balestena Sr. v. Grisell Hernandez*, et. al; 17th Judicial Circuit, Broward County, Florida, Case No. CACE 1520347, the Court finds that Plaintiff has proven by clear and convincing evidence that Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra conspired and took actions to fraudulently transfer the assets to from Bullseye Powder Coating to Grisell Hernandez and/or Bullseye Coating and Blasting, Corp. Therefore, the Court also finds that Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra are jointly and severally liable to Plaintiff pursuant to Fla. Stat. Fla. Stat. § 725.06. The Court will address damages for this Count further below.

## VII. **Count VI (Civil Conspiracy)**

In Count VI of the Amended Complaint Plaintiff asserted claims against individual Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra for Civil Conspiracy. The Defendants did not file any affirmative defenses to this Count.

In order to maintain a claim for Civil Conspiracy a Plaintiff must prove that Defendants conspired amongst themselves for an illegal purpose that caused Plaintiff damages. *See Bivens Gardens Office Bldg. v. Barnett Banks of Fla., Inc*., 140 F.3d 898, 912 (11th Cir.1998); *see also Segal v. Rhumbline Intern., Inc*., 688 So.2d 397, 400 (Fla. 4th DCA 1997) ("A conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose by unlawful means…. Each act done in pursuance of a conspiracy by one of several conspirators is an act for which each is jointly and severally liable.")

Based upon the unrebutted evidence presented at trial, the Court finds that Defendants engaged in multiple conspiracies prior to this lawsuit and during the pendency of this matter. Specifically, the Court makes the following findings of fact after considering all of the evidence

and testimony at trial:

A. <u>The Conspiracy Amongst Defendants to Deny Plaintiff Access to Bullseye Powder
   Coating's Bank Accounts, Facility and Business Records.</u>

As stated above, Plaintiff also presented testimony at trial that Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez held a meeting on October 27, 2015 without written notice and voted to remove Plaintiff as President of Bullseye Powder Coating. *See* Trial Transcript dated December 9, 2019 (115:13-24). Defendants conceded that the meeting occurred, but did not produce any evidence that written notice was provided to Plaintiff prior to conducting said meeting. *See* Trial Transcript dated December 11, 2019 (152:21-25).

Plaintiff also presented testimony that Defendant, Mario Saavedra removed Plaintiff, Antonio Balestena, Jr. as President of Bullseye Powder Coating on the Department of State website sunbiz.org without a valid corporate meeting as discussed above. *See* Plaintiff's Exhibit "12"; *see also* Trial Transcript dated December 9, 2019 (115:13-24). Fla. Stat. § 817.155 makes it unlawful to provide false information to the Department of State.

Plaintiff presented evidence that Plaintiff, Antonio Balestena, Jr. and Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez were signers on Bullseye Powder Coating's business bank accounts at Wells Fargo. *See* Trial Transcript dated December 10, 2019 (78:23-5; 79:1); Trial Transcript dated December 10, 2019 (228:7-10). During the trial Defendants, Mario Saavedra and Grisell Hernandez admitted that they removed Plaintiff, Antonio Balestena, Jr. as a signer on Bullseye Powder Coating's business bank accounts at Wells Fargo. *See* Trial Transcript dated December 10, 2019 (79:2-5); Trial Transcript dated December 10, 2019 (228:11-14). The evidence at trial further shows that on November 5, 2015, Defendant, Mario Saavedra provided false information to Wells Fargo that Plaintiff was no longer an owner of Bullseye Powder Coating. *See* Plaintiff's Composite Exhibit "86" (Bates Stamped WellsFargo00018, WellsFargo00019).  Defendant, Mario Saavedra also conceded that the information provided Wells Fargo on November 5, 2015 was incorrect. *See* Trial Transcript dated December 10, 2019 (81:4-16; 82:7-11).  Defendant, Grisell Hernandez testified that it was Michael Saavedra, Mario Saavedra and herself that came up with the idea to remove Plaintiff from the company's business bank accounts. *See* Trial Transcript dated December 10, 2019 (228:15-18). Plaintiff also testified that Plaintiff and Defendants, Michael

Saavedra, Mario Saavedra and Grisell Hernandez agreed that he would have joint access to Bullseye Powder Coating's assets, including, but not limited to Bullseye Powder Coating's equipment, facility and electronic data. *See* Trial Transcript dated December 9, 2019 (93:6-19). This testimony was unrebutted at trial. Plaintiff testified at trial that they locked him out of the facility on November 2, 2015 and denied him email access to Bullseye Powder Coating's computers on November 11, 2015. *See* Trial Transcript dated December 9, 2019 (110:2-10). This testimony was also unrebutted at trial. Based upon the evidence presented at trial the Court finds that Plaintiff has proved by clear and convincing evidence that Defendants conspired to remove him for Bullseye Powder Coating's business bank accounts, deny him access to Bullseye Powder Coating's facility and access to Bullseye Powder Coating's business records.

The Court also finds that as a result of Defendants' conspiracy to unlawfully remove Plaintiff from Bullseye Powder Coating's business bank accounts, Defendants were able to have unfettered access to use Bullseye Powder Coating/Bullseye Coating and Blasting, Corp.'s revenue to pay the Defendant's personal expenses without Plaintiff's knowledge and consent.

B. <u>The Conspiracy Amongst Defendants to Fraudulently Transfer the Assets of Bullseye Powder Coating to Grisell Hernandez and Bullseye Coating and Blasting, Corp.</u>

As stated above in this Final Judgment, the Court has found that the Defendants conspired <u>to fraudulently transfer the assets of Bullseye Powder Coating to Grisell Hernandez and Bullseye Coating and Blasting, Corp</u>. Based upon the evidence presented and the prior Orders of this Court, the Court finds that the Plaintiff has shown by clear and convincing evidence that Defendants' actions to create a fraudulent loan and thereafter voluntarily forfeit the assets of Bullseye Powder Coating constitutes an agreement by and between Defendants to hinder, delay and defraud Plaintiff from receiving his share of the profits and distributions as a shareholder of Bullseye Powder Coating.

C. <u>Plaintiff Suffered Damages as a result of the actions taken by Defendants in furtherance of the Conspiracies</u>.

<u>Plaintiff testified that he did not receive any payments, distributions or payments for his</u>

personal expenses from Bullseye Powder Coating or Bullseye Coating and Blasting, Corp. since November 2, 2015 when he was denied email access to Bullseye Powder Coating's email account and Bullseye Powder Coating's business facility.  *See* Trial Transcript dated December 9, 2019 (155:24-25; 156:1-14). Therefore, based upon the evidence presented at trial, the Court finds that Plaintiff suffered damages as a result of the Defendants' conspiracies discussed above and will address the amount of damages for Counts III, V, VI and VIII further below.

## VIII. **Count VIII (Breach of Joint Venture)**

In Count VIII of the Amended Complaint Plaintiff asserted claims against individual Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra for Breach of their Joint Venture Agreement. The Defendants did not file any affirmative defenses to this Count.
In order to state a claim for Breach of Joint Venture Agreement, Plaintiff was required to prove at trial that there was a (1) breach of contract between Plaintiff and Defendants; (2) Plaintiff and Defendants had a community of interest in the performance of the common purpose; (3) Plaintiff and Defendants had joint control or right of control; and (4) a there was a joint proprietary interest in the subject  matter; (4) Plaintiff had a right to share in the profits, and (5) a duty to share in any losses that may be sustained. *See Dev. Corp of Palm Beach v. WBC Constr., Inc*., 925 So.2d 1156, 1161 (Fla. 4th DCA 2006).

1. Breach of Verbal Agreement Between Plaintiff and Defendants.

During the trial Plaintiff testified that on August 4, 2014, Plaintiff and Defendants verbally agreed that the shareholders of Bullseye Powder Coating would share in the profits and losses of Bullseye Powder Coating, have equal salaries and that the corporation would pay for the shareholders' personal cell phone bill, personal rent, electricity bill and internet bill. *See* Trial Transcript dated December 9, 2019 (93: 4-19). Plaintiff also testified that the Defendants breached their verbal agreement because he stopped receiving his weekly salary, he did not receive payments for his personal cell phone bill, personal rent, electricity bill, internet bill and

was denied access to Bullseye Powder Coating's business bank accounts, facility and records. *See* Trial Transcript dated December 9, 2019 (155:24-25; 156:1-14). Defendants did not present any credible evidence to rebut Plaintiff's testimony.

2. <u>Plaintiff and Defendants had a community of interest in the performance of the common purpose.</u>

During the trial Plaintiff presented evidence that Plaintiff and Defendants had a twenty-five percent ownership interest in Bullseye Powder Coating that provided various industrial services for the public. *See* Trial Transcript dated December 9, 2019 (81:8-22); *see also* Order dated June 11, 2019, paragraph 6. Plaintiff's evidence was not rebutted by the Defendants at trial. Based upon the evidence presented at trial, the Court finds that Plaintiff and Defendants had a community of interest Bullseye Powder Coating for the common purpose of providing industrial services to the public.

3. <u>Plaintiff and Defendants had joint control or right of control.</u>

During the trial, Plaintiff testified that Plaintiff and Defendants had joint control of Bullseye Powder Coating's business bank accounts and joint access to Bullseye Powder Coating equipment and business records. *See* Trial Transcript dated December 9, 2019 (93:6-19). Plaintiff's testimony was not rebutted by Defendants at trial. Based upon the evidence presented at trial, the Court finds that Plaintiff and Defendants Plaintiff and Defendants had joint control of Bullseye Powder Coating's business bank accounts and joint access to Bullseye Powder Coating equipment and business records.

4. <u>Plaintiff had a right to share in the profits of Bullseye Powder Coating and had a duty to share in any losses sustained by Bullseye Powder Coating.</u>

As stated above, Plaintiff testified that Plaintiff and Defendants agreed to share in the profits and losses sustained by Bullseye Powder Coating. *See* Trial Transcript dated December 9, 2019 (93:6-19). Plaintiff's testimony was not rebutted by Defendants at trial. Based upon the evidence presented at trial, the Court finds that Plaintiff had a right to share in the profits of

Bullseye Powder Coating and had a duty to share in any losses sustained by Bullseye Powder Coating.

Therefore, based upon all of the unrebutted evidence presented at trial, the Court finds that Plaintiff has proved by clear and convincing evidence that Defendants breached their joint venture agreement with Plaintiff for all of the reasons set forth above. The Court will address damages for this Count further below.

## IX. **Count VII (Civil Rico)**

In Count VII of the Amended Complaint Plaintiff asserted claims against individual Defendants, Grisell Hernandez, Michael Saavedra and Mario Saavedra for violation of Florida's Civil Rico Act, Fla. Stat. §§ 895.01-895.06. The Defendants did not file any affirmative defenses to this Count.

The Florida RICO Act, "promulgated in 1977, is nearly identical to the federal RICO statute, 18 U.S.C. §§ 1961-1968 (1970), passed as Title IX of the Organized Crime Control Act of 1970. Thus, Florida Courts also look to a wealth of material on the federal RICO statute for guidance on this issue." *See Banderas v. Banco Cent. del Ecuador*, 461 So.2d 265, 269 (Fla. 3rd DCA 1985). In order to obtain relief under Florida's Civil Rico Act Plaintiff had to prove at trial that Defendants were engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 496 (1985).

Additionally, the Eleventh Circuit has stated that an individual shareholder would have RICO standing to assert a Civil Rico claim against his fellow shareholders who conspired "to unlawfully wrest his shares of BCI stock from him" provided that the claim was not time barred. *See Bivens Gardens Office v. Barnett Banks of Florida*, 140 F.3d 898, 907 (11th Cir.,1998). Federal Courts has held that a civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern. *See Wilder v. Meyer,* 779 F.Supp. 164 (S.D.Fla.1991). The Florida Supreme Court and other District Courts have held that six months and thirteen months of continued pattern of fraudulent activity was sufficient to satisfy the continuity requirement under the Florida Civil Rico Act. *State v. Lucas,* 600 So.2d 1093 (Fla.1992)(six months was sufficient to satisfy the continuity requirement for RICO); *Banderas v. Banco Cent. del Ecuador*, 461 So.2d 265 (Fla. 3d DCA 1985)(thirteen months was sufficient to satisfy the continuity requirement of Florida RICO.)

1. Defendants Conspiracies to Defraud Plaintiff Constitute Conduct of an Enterprise.

Fla. Stat. § 895.02 (5) defines an "enterprise" as any individual, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity, or any unchartered union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental, as well as other, entities.

As stated above, the Court has found and determined that Defendants conspired to unlawfully remove Plaintiff as President, unlawfully remove Plaintiff from having access to Bullseye Powder Coating's business bank accounts and unlawfully conspired to fraudulently transfer the assets of Bullseye Powder Coating to Grisell Hernandez and Bullseye Coating and Blasting, Corp. The unrebutted evidence presented at trial showed that Defendants' fraudulent activity began on October 27, 2015 (the date Defendants conducted an unlawful meeting to remove Plaintiff as President) and has been ongoing since Defendants have continued to operate Bullseye Powder Coating/Bullseye Coating and Blasting, Corp. and fraudulently transfer funds from the business to pay for the Defendants' personal expenses. *See* Trial Transcript dated December 10, 2019 (18:2-3). Based on these findings and the unrebutted evidence presented at trial, the Court also finds that Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez constitute an "enterprise" as defined by Fla. Stat. § 895.02 (5).

Additionally, the Court has determined that Plaintiff has standing under the Florida Rico Act because Plaintiff was the sole shareholder that suffered from the fraudulent activity. *See Bivens Gardens Office v. Barnett Banks of Florida*, 140 F.3d 898, 907 (11th Cir.,1998) (an individual shareholder would have RICO standing to assert a Civil Rico claim against his fellow shareholders who conspired "to unlawfully wrest his shares of BCI stock from him" provided that the claim was not time barred.)

2. Defendants' Fraudulent Activity and Violations of Chapter 817 Constitute a Pattern of Racketeering Activity under the Florida Rico Act.

Fla. Stat. § 895.02 (7) defines "pattern of racketeering activity" as follows:
(7) "Pattern of racketeering activity" means engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after October 1, 1977, and that the last of such incidents

occurred within 5 years after a prior incident of racketeering conduct.

Further, Fla. Stat. § 895.02 (8)(a) (34) states, in pertinent part, as follows with respect to crimes considered to be "Racketeering" under Florida's Civil Rico Act:

> **8) "Racketeering activity" means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce, or intimidate another person to commit:**
>
> **(a) Any crime that is chargeable by petition, indictment, or information under the following provisions of the Florida Statutes:**
>
> **34. Chapter 817, relating to fraudulent practices, false pretenses, fraud generally, credit card crimes, and patient brokering.**

(Emphasis Added).

Therefore, in order to be entitled to relief under Florida Civil Rico Act, Plaintiff also had to prove at trial that Defendants multiple conspiracies to defraud him was a pattern of "racketeering activity". The Florida Civil Rico Act specifically states that any crime that violates the provisions of Chapter 817 would constitute "racketeering activity" under the Act. *Id.*

In addition to the civil claims being asserted by Plaintiff and against Defendants in this matter, Plaintiff also argued that Defendants committed crimes by violating Fla. Stat. § 817.54 (relating to obtaining of promissory note by false representation), Fla. Stat. § 817.562 (relating to fraud involving security interest) and Fla. Stat. § 817.155 (relating to false statements made within the Department of State).

  a. Defendants violated Fl Stat. § 817.54 by conspiring to create a Fraudulent Promissory note.

Fla. Stat. § 817.54 makes it unlawful to obtain a promissory note. The statute states as follows:

> **Any person who, with intent to defraud, obtains any** mortgage, mortgage note, **promissory note or other instrument evidencing a**

**debt from any person or obtains the signature of any person to any mortgage, mortgage note, promissory note or other instrument evidencing a debt by color or aid of fraudulent or false representation or pretenses, or obtains the signature of any person to a mortgage, mortgage note, promissory note**, or other instrument evidencing a debt, the false making whereof would be punishable as forgery, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

As stated above, Plaintiff introduced evidence at trial in the form of a Final Judgment against Defendant, Grisell Hernandez in the Balestena Sr. case where the Honorable Barbara McCarthy made findings of fact that purported loan from Defendant, Grisell Hernandez to Bullseye Powder Coating was never funded, the loan was fraudulent and the Financing Statement filed by Ms. Hernandez in the Florida Secured Transactions Registry was voided. *See* Plaintiff's Exhibit "70", paragraphs 3-5. The Court has taken Judicial Notice of these findings and determined that the findings made by Judge McCarthy were based upon competent evidence that were also presented in this case at trial. Therefore, based on these findings and the evidence presented at trial, the Court finds that Defendants have violated Fla. Stat. § 817.54 by conspiring with each other to allow Defendant, Grisell Hernandez to obtain a promissory note from Bullseye Powder Coating. As a result, the Court finds that Defendants' violation of Fla. Stat. § 817.54 is "racketeering activity" under the Florida Civil Rico Act. *See* Fla. Stat. § 895.02 (8)(a) (34).

b. Defendants violated Fla. Stat. § 817.562 by conspiring to create a Security Interest in Bullseye Powder Coating's Equipment.

-

Fla. Stat. § 817.562 makes it unlawful to commit fraud involving a security interest. The statute states as follows:

(1) As used in this section, the terms "proceeds," "security agreement,"

"security interest," and "secured party" shall be given the meanings prescribed for them in chapter 679. (2) A person is guilty of fraud involving a security interest when, having executed a security agreement creating a security interest in personal property, including accounts receivable, which security interest secures a monetary obligation owed to a secured party, and: (a) Having under the security agreement both the right of sale or other disposition of the property and the duty to account to the secured party for the proceeds of disposition, he or she sells or otherwise disposes of the property and wrongfully and willfully fails to account to the secured party for the proceeds of disposition; or (b) Having under the security agreement no right of sale or other disposition of the property, he or she knowingly secretes, withholds, or disposes of such property in violation of the security agreement. (3) Any person who knowingly violates this section shall be punished as follows: (a) If the value of the property sold, secreted, withheld, or disposed of or the proceeds from the sale or disposition of the property is $300 or more, such person is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (b) If the value of the property sold, secreted, withheld, or disposed of or the proceeds obtained from the sale or disposition of the property is less than $300, such person is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

As stated above, Plaintiff introduced evidence at trial in the form of a Final Judgment against Defendant, Grisell Hernandez in the Balestena Sr. case where the Honorable Barbara McCarthy made findings of fact that purported loan from Defendant, Grisell Hernandez to Bullseye Powder Coating was never funded, the loan was fraudulent and the Financing Statement filed by Ms. Hernandez in the Florida Secured Transactions Registry was voided. *See* Plaintiff's Exhibit "70", paragraphs 3-5. The Court has taken Judicial Notice of these findings and determined that the findings made by Judge McCarthy were based upon competent evidence that was also presented in this case at trial.

The evidence at trial also showed that on February 1, 2016, Defendant, Grisell Hernandez drafted a Notice of Intent to Repossess addressed to Florida Powder Coating Solutions, Inc. *See* Plaintiff's Exhibit "31". The evidence also showed that on February 2, 2016, Defendants, Michael Saavedra and Mario Saavedra drafted a letter on behalf of Florida Powder Coating Solutions, Inc. addressed to Defendant, Grisell Hernandez advising that Florida Powder Coating Solutions, Inc. is voluntarily forfeiting Bullseye Powder Coating's equipment placed on

collateral. *See* Plaintiff's Exhibit "33". The unrebutted evidence showed that the equipment was voluntarily forfeited to Ms. Hernandez has been used by Bullseye Coating and Blasting, Corp. to operate its business practices at 2301 SW 57th Terrace, West Park, Florida. *See* Trial Transcript dated December 11, 2019 (24:14-20; 160:4-9); *see also* Plaintiff's Exhibit "33". The Security Agreement and Promissory introduced into evidence stated that the value of the loan was $38,000.00. *See* Plaintiff's Exhibit "29".

Therefore, based on these findings and the unrebutted evidence presented at trial, the Court finds that Defendants have violated Fla. Stat. § 817.562 by conspiring to enter into a fraudulent promissory note and security agreement that created a security interest in virtually all of Florida's Powder equipment. The Court finds that the equipment that was voluntarily forfeited to Defendant, Grisell Hernandez had a value of at least $38,000.00 based upon the amount of the purported loan.  Based on these findings, the Court determines that Defendants' violation of Fla. Stat. § 817.562 is "racketeering activity" under the Florida Civil Rico Act. *See* Fla. Stat. § 895.02 (8)(a) (34) because Defendants conspired to create a fraudulent security interest in Bullseye Powder Coating's equipment that was worth at least $38,000.00. Since the Court has determined that loan was never funded and the equipment was worth at least $38,000.00 the Court finds that the Defendants could be charged with a third-degree felony because the value of the property exceeded $300.00. *See* Fla. Stat. § 817.562.

c. <u>Defendants violated Fla. Stat. § 817.155 by conspiring to remove Plaintiff as President and making False Statements to the Florida Department of State Division of Corporations and perpetrating said fraud on Wells Fargo Bank, N.A.</u>


Fla. Stat. § 817.155 states that it is unlawful for a person to make false statements to the Department of State. Specifically, the statutes states as follows:

> A person may not, in any matter within the jurisdiction of the Department of State, knowingly and willfully falsify or conceal a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false document, knowing the same to contain any false, fictitious, or fraudulent statement or entry. A person who violates this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The statute of limitations for prosecution of an act committed in violation of this section is 5 years from the date the act was committed.

As stated above, the Court has determined that Defendants conducted a corporate meeting on October 27, 2015 in violation of Fla. Stat. § 607.0705 and subsequently removed Plaintiff as President of Bullseye Powder Coating by filing false documentation with the Florida Department of State, Division of Corporations, without Plaintiff's knowledge and without a valid corporate meeting as discussed above. Sunbiz.org specifically references Fla. Stat. § 817.155 and states that it is a third-degree felony by providing false information to the Florida Department of State, Divisions of Corporations as evidenced on sunbiz.org.

Based on the unrebutted evidence presented at trial, the Court finds that the removal of Plaintiff as President through the filing of false documentation to the Florida Department of State, Division of Corporations, violates Fla. Stat. § 817.155 and is "racketeering activity" under the Florida Civil Rico Act. *See* Fla. Stat. § 895.02 (8)(a) (34).

### Final Judgment as to Counts III, V, VI and VIII

During the trial, Plaintiff's counsel clarified that Plaintiff does not seek separate damages against Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez for Counts III, V, VI and VIII and that the damages sought by Plaintiff for these Counts against the individual Defendants are the same. During the trial, the Court accepted Nathaniel McKenzie as an expert witness to testify regarding forensic accounting, fraud examination and business valuation. *See* Trial Transcript dated December 12, 2019 (23:18-24). Plaintiff's expert, Nathaniel McKenzie testified that Plaintiff should have received $175,883.00 for his owner's benefit from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (43:2-20). Defendants did not rebut the testimony proffered by Plaintiff's expert and did not call an expert witness to contradict or impeach the expert testimony of Mr. McKenzie. Plaintiff also presented expert testimony from Plaintiff's forensic computer expert Lorenzo De Toro that Defendants destroyed evidence, which the Court finds credible. *See* Plaintiff's Exhibit "50". Therefore, the Court finds that Plaintiff is entitled to an adverse inference with respect to Plaintiff's damages. *See Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006).

Based upon the testimony presented at trial, along with the documentary evidence supporting same, the Court finds that Plaintiff has presented competent evidence that he has suffered damages in the amount of $175,883.00 for Counts III, V, VI and VIII. **Therefore, the Court hereby enters Final Judgment in favor of Plaintiff, Antonio Balestena, Jr. and against**

**Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez the amount of $175,883.00 as to Counts III, V, VI and VIII. The Final Judgment amount of $175,883.00 shall bear interest at 6.83%per annum and Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez shall be jointly and severally liable for the Final Judgment for let garnishment and execution shall issue.**

## <u>Final Judgment as to Counts IV and VII</u>

As stated above, the Court has determined that Defendants violated Florida Civil Rico Act due to their pattern of fraudulent and racketeering conduct as an enterprise in violation of Fla. Stat. §§ 817.54, 817.562 and 817.155 that started on October 27, 2015 and has been ongoing through the trial of this matter. Chapter 772, Florida Statutes[12] provides for civil remedies for criminal activity. Specifically, Fla. Stat. § 772.103 states as follows:

772.103 Prohibited activities. It is unlawful for any person:

> (1) Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.
> (2) Through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.
> (3) Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity or the collection of an unlawful debt.
> (4) To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

Based on the evidence presented at trial and the findings set forth in this Final Judgment, this Court has determined that Defendants violated Fla. Stat. § 772.103 entitling Plaintiff to relief under Chapter 772, Florida Statutes.

 Fla. Stat. § 772.104 provides for treble damages for violations of Fla. Stat. § 772.103. Specifically, the statute states as follows:
772.104 Civil cause of action.

**(1) Any person who proves by clear and convincing evidence**

**that he or she has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts**.

(2) As an alternative to recovery under subsection (1), any person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 due to sex trafficking or human trafficking shall have a cause of action for threefold the amount gained from the sex trafficking or human trafficking and in any such action is entitled to minimum damages in the amount of $200 and reasonable attorney's fees and court costs in the trial and appellate courts.

(3) In no event shall punitive damages be awarded under this section. The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs. Nothing under this section shall be interpreted as limiting any right to recover attorney's fees or costs provided under other provisions of law.

(Emphasis Added).


Plaintiff's expert witness, Nathaniel McKenzie testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid personal expenses in the amount of $276,089.00 for Defendant, Grisell Hernandez's personal expenses from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (55:8-15). Plaintiff's expert witness Nathaniel McKenzie also testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid personal expenses in the amount of $37,633.00 for Defendant, Michael Saavedra's from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (55:16-18). Plaintiff's expert witness Nathaniel McKenzie also testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid personal expenses in the amount of $40,125.00 for Defendant, Mario Saavedra's from 2015 through 2018. *See* Trial Transcript dated December 12, 2019 (55:19-20). In total, Mr. McKenzie testified that Bullseye Powder Coating and/or Bullseye Coating and Blasting, Corp. paid distributions to Defendants, Grisell Hernandez,

Michael Saavedra and Mario Saavedra in the amount of $353,847.00 and concluded that Plaintiff should be entitled to twenty-five percent of the Defendants' distributions (i.e. personal expenses paid by the company) which equals $88,461.75. *See* Trial Transcript dated December 12, 2019 (55:5-24). Defendants did not rebut the testimony proffered by Plaintiff's expert and did not call an expert witness to contradict or impeach the expert testimony of Mr. McKenzie.

Based on the testimony presented at trial, the Court finds that Plaintiff has presented clear and convincing evidence that he has suffered damages in the amount of $88,461.75 for Counts IV and Count VII. The Court also finds that Plaintiff is entitled to an adverse inference with respect to his damages due to the Court's finding that Defendants are responsible for the spoliation of evidence in this case. *See Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th DCA 2006).

Since the Court has determined that Defendants violated Fla. Stat. § 772.103, Plaintiff is entitled to threefold the actual damages sustained for Count VII (Civil Rico, Chapter 772, Florida Statutes) pursuant to Fla. Stat. § 772.104. **Therefore, as to Count VII, the Court enters Final Judgment in favor of Plaintiff, Antonio Balestena, Jr. and against Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez in the amount of $265,385.25[13]. The Final Judgment amount of $265,385.25 shall bear interest at 6.83% per annum and Defendants, Michael Saavedra, Mario Saavedra and Grisell Hernandez shall be jointly and severally liable for the Final Judgment as to Count VII for let garnishment and execution shall issue.**

This Court reserves jurisdiction to award Plaintiff his reasonable attorneys' fees and costs, which shall be determined at a subsequent hearing to directed to those issues. The Court's Agreed Injunction Order dated April 18, 2016 shall remain in place until the Final Judgment against the Defendants has been satisfied. This Court reserves jurisdiction for further proceedings to enforce the terms of this Final Judgment.

It is further ordered and adjudged that Defendants/Judgment Debtors, Grisell Hernandez, Michael Saavedra and Mario Saavedra shall complete under oath a Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this Final Judgment, unless the

final judgment is satisfied or post-judgment discovery is stayed. Defendants/Judgment Debtors shall be in contempt of Court if they fail to serve the Fact Information Sheet on the Plaintiff/Judgment Creditor as required by this Final Judgment. The Court reserves Jurisdiction to enter further orders that are proper to compel the Defendants/Judgment Debtor(s) to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney.

The last known address of the Judgment-Creditor, Antonio Balestena, Jr., is c/o Sahr O. Dumbar, Esq., The Dumbar Law Center, 1200 Brickell Ave., Suite 1950, Miami, Florida 33131.

The last known address of the Judgment-Debtor, Florida Powder Coating Solutions, Corp. d/b/a Bullseye Powder Coating is:  2301 SW 57th Terrace, West Park, Florida 33023.

The last known address of the Judgment-Debtor, Mario Saavedra is 2646 Sherman Street, Hollywood, Florida 33020.

The last known address of the Judgment-Debtor, Grisell Hernandez is 2646 Sherman Street, Hollywood, Florida 33020.

The last known address of the Judgment-Debtor, Michael Saavedra is 2301 SW 57th Terrace, West Park, Florida 33023.

---

[1] Plaintiff's Motion for Partial Summary Judgment as to Count I for Judicial Dissolution alleged that Plaintiff and Defendants were twenty-five percent owners in Florida Powder. The Motion was unopposed by Defendants.

[2] The evidence at trial also showed that on May 26, 2016, Grisell Hernandez filed for personal bankruptcy under Bankruptcy Case No. 16-17566-BKC-LMI in the United States Bankruptcy Court for the Southern District of Florida in Miami. *See* Videotaped Deposition of Sandra Navarro-Garcia, Esq. which was entered into evidence at trial. Ms. Hernandez did not notify the Court of her bankruptcy when it was filed and identified Bullseye Powder Coating's assets as part of her assets on her bankruptcy petition. *Id.* On November 30, 2016, Chief United States Bankruptcy Judge Laurel Isicoff entered an Order Granting Creditor, Antonio Balestena, Jr.'s Motion for Retroactive Annulment of the Automatic Stay and for the Ratification of the Florida State Court Orders in this case. *Id.*  Ms. Hernandez's bankruptcy was ultimately dismissed on December 14, 2016. *Id.*  On June 20, 2017, the Honorable Barbara McCarthy entered a Final Judgment awarding attorneys' fees and costs in the case styled: *Antonio Balestena, Sr. v. Grisell Hernandez*, et. al, 17th Judicial Circuit, Broward County Florida, Case No. CACE15-20347 and made a finding that Ms. Hernandez's bankruptcy petition was

fraudulent. *See* Plaintiff's Exhibit "76", paragraph 4(f). Based upon the evidence presented at trial, this Court adopts Judge McCarthy's finding that Ms. Hernandez's bankruptcy petition was fraudulent when it was filed during the pendency of this matter on May 26, 2016.

[3] A Final Judgment awarding attorneys' fees and costs against Grisell Hernandez was also entered in the Balestena Sr. case where the Honorable Barbara McCarthy made a finding of fact that that the assets of Florida Powder were fraudulently transferred to Bullseye Coating and Blasting, Corp. and that Bullseye Coating and Blasting, Corp. is the mere continuation of Florida Powder. *See* Final Judgment Awarding Attorneys' Fees and Costs in the Balestena, Sr. matter dated June 20, 2017 (introduced into evidence in this matter as Plaintiff's Exhibit 76). Grisell Hernandez did not appeal either Final Judgment in the Balestena Sr. case and satisfied both Judgments. *See* Plaintiff's Exhibits 69 and 77 introduced into evidence at trial.

[4] The statutory interest on Judgments in Florida was 4.78% on July 21, 2016 when the Court entered the Order granting partial summary Judgment in favor of Plaintiff and against Defendant, Florida Powder Coating Solutions, Corp.

[5] *See* Order granting partial summary judgment dated February 23, 2016, paragraph 3.

[6] Mr. McKenzie testified as follows when explaining the **Discount Rate Method**:
The valuation standards are based on empirical data. So, we start out with risk-free rate of return, this is US Treasury bill. These are considered risk-free, the government's owned default. And then we take into account a market premium for the type of business that involved and we also consider a premium for small business. And we take into account the industry. Also do separate analyses to see your industry. And based on my analysis that industry was -- is growing, and when we come to capitalization rate. Q.· Okay. And what were your conclusions after utilizing this method? A. My conclusion utilizing this method that the business was valued $1,164,116. Q. Wait, look at it again. I think you have ·transposed a number. A.· ·Sorry, 1,154,567. *See* Trial Transcript dated December 12, 2019 (38:4-21).

[7] Mr. McKenzie testified as follows when explaining the **Multiple Valuations Method:**

Q. Okay.  And did you use another valuation method to get to your ultimate conclusion? Was it called Multiples Valuation Method? A. Yeah.  Those are just assessment valuation itsn't to conclude. Q.· ·Is this your Multiples Valuation that you performed? A.· ·Yes, it is. Q.· ·Can you walk us through your Multiples Valuation? A.· ·This is based on a divisor and a dated average multiple where you take the different, the gross proceed. We take the price divide it by amount at sales, you do price provided then you come to a conclusion, a composite number. Q.· ·And what was your composite number valuation for Florida Powder Coating Solutions/Bullseye Coating and Blasting?

A.· ·1,259,494. *See* Trial Transcript dated December 12, 2019 (38:22-25; 39:1-15).

[8] Mr. McKenzie testified as follows when explaining the **Rule of Thumb Method:**

> Q.  Okay. And lastly but not least did you use something that's typically called a Rule of Thumb Method? A. Yes. Okay.  And is this your Rule of Thumb Method?  A. Yes, it is.  Talk to us about Rule of Thumb Method. A. This method takes into account industry with the same ZIP code.  So, we look at several industries with the same ZIP code, same size, comparable, and we come up with a rule of thumb. This is more what you would call intrinsic. This is not so much quantity.· This helps to make sure that the valuation fall within a parameter and the business value is in the rule of thumb is 958,206. *See* Trial Transcript dated December 12, 2019 (39:16-25; 40:1-3).

[9] The Trial Transcript contains a typographical error stating that Mr. McKenzie said $77,633.00, but the actual number stated by Mr. McKenzie for Michael Saavedra's distributions was $37,633.00.

[10] Defendant, Grisell Hernandez did not file an opposition to Plaintiff's Motion for Partial Summary Judgment and did not provide any Affidavits in Opposition to the Motion.

[11] Plaintiff's counsel has conceded that Plaintiff's damages with respect to Counts III, IV, V, VI and VIII are the same. Therefore, the Court will address Plaintiff's damages with respect to these Counts at the same time.

[12] In 1986, the civil damages section of chapter 895 was moved to chapter 772, because of problems resulting from the inclusion of a civil damages remedy in a criminal statute. *See Ziccardi v. Strother*, 570 So.2d 1319, 1321 (Fla. 2d DCA 1990).

[13] This amount was calculated by taking the actual amount of damages sustained by Plaintiff for Counts IV and VII, which $88,461.75 and multiplying it by three.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>01-30-2020</u>.

CACE15020163 01-30-2020 5:13 PM

<u>CACE15020163 01-30-2020 5:13 PM</u>
Hon. Carol-lisa Phillips
**CIRCUIT JUDGE**
Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**
Alberto M Cardet , E-mail : evictions@gmail.com
Alberto M Cardet , E-mail : alcardet@gmail.com
Alberto M Cardet , E-mail : ebbycmecf@gmail.com
Florida Powder Coatings Solutions Corp , Address : Michael Saavedra 2301 SW 57 Terr West

Park, FL 33023

Jay L Farrow , E-mail : meera@farrowlawfirm.com

Jay L Farrow , E-mail : service@farrowlawfirm.com

Jay L Farrow , E-mail : Jay@farrowlawfirm.com

Marcia Hansen , E-mail : mgh@thehansenlawfirm.com

Matthew E Mazur Jr , E-mail : info@mazur-law.com

Matthew E Mazur Jr , E-mail : mmazurjr@mazur-law.com

Matthew E Mazur Jr , E-mail : eservice@mazur-law.com

Michael Saavedra , Address : 2301 SW 57 TER West Park, FL 33023

Russell M Thompson , E-mail : rthompson@rmtlawfirm.com

Sahr Dumbar , E-mail : javughte@dumbarlaw.com

Sahr Dumbar , E-mail : Sahr@Dumbarlaw.com